UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| EDWARD D. ROACH, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 4:12CV1110 CDP |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

# MEMORANDUM AND ORDER

This matter is before me on Edward Roach's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. For the reasons set forth below, the motion will be denied.

## I. Background

The following facts are established by Roach's plea agreement entered in the underlying criminal case:

> On August 12, 2010, members of the St. Louis Metropolitan Police Department were on routine patrol in the Seventh District when they encountered the defendant, Roach, who was a passenger in a vehicle. The police followed the car and saw Roach exit the vehicle and stand on the sidewalk for a brief time until he saw the police approach[.] [H]e then threw the firearm onto the grass. The police recovered a loaded firearm, an Intratec, 9mm Luger, with an extended clip containing 22 cartridges. Roach eventually admitted that the firearm was his . . . Prior to August 12, 2010, Roach was convicted in the Eastern District of Missouri in cause number 4:06CR446 SNL, violating Title 18 § 922(g)(1), felon in possession

> of a firearm. It is the government's position that Roach exited the
> vehicle, pointed a firearm at the officers and fired a shot. He then
> got back into the vehicle and it left the location. He told the police
> after his arrest that he fired at the officers thinking they were people
> he had an altercation with earlier.

Criminal Case No. 4:10CR4443 CDP, [#45] at pp.2-3.

Roach was charged in an indictment of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). He pled guilty to the charge on September 6, 2011. A presentence investigation report determined Roach's total offense level to be 23 and his criminal history category to be IV, with an advisory guidelines range of 70-87 months. Roach filed objections to the PSR. He objected to enhancements for "discharging a firearm at or from a motor vehicle at a person" because he claimed that he never fired the gun. He also objected to the PSR's conclusion that he committed a felony offense in connection with the firearm. Finally, he argued that any sentence would violate his second amendment rights.

I held a sentencing hearing on December 15, 2011. At that hearing, detective Orlando Morrison of the St. Louis City Police Department testified as follows:

> MORRISON: After our vehicles crossed paths, the occupants of his
> vehicle, and particularly [Roach], they were staring at me and my
> partner's vehicle without breaking eye contact, and as we passed, he

emerged from the passenger side window of his vehicle. As we continued and got ready to make a U-turn behind him and as he emerged, he came out with a firearm, a large firearm.

AUSA: Did he discharge that firearm?

MORRISON: Yes, sir.

AUSA: Was it pointed at you when it went off?

MORRISON: He pointed the weapon at our vehicle and shot one time, and then the vehicle sped off.

AUSA: And at some point shortly thereafter, the vehicle was stopped and you encountered Mr. Roach, right?

MORRISON: Yes, sir.

AUSA: What did he tell you?

MORRISON: Later at the station when we talked, he explained the situation. Him and his family, they were out at a club, I think it was Club Venue, and got in a altercation with some people at the club, and they ended up getting put out, and he later stated that as they were leaving, he saw me and my partner in our vehicle, he thought that we were the guys that they got into the argument with, and so as we were staring at them, he thought we was them, and when we crossed paths, he emerged from his vehicle and shot one time to scare us off. They drove off to I think he said it was his uncle's house.

* * *

MORRISON: Well, initially when we pulled up and I approached [Roach], he was standing on the sidewalk, and I seen him throw something to the side which looked like a firearm, and then at that point, I told him to show me his hands, and ordered him to the

- 3 -

ground, and placed him in handcuffs. Morrison was cross-examined by defense counsel, who established that it was dark at the time of the shooting, that Morrison's vehicle was about eight houses away from Roach's when the shot was fired, and that there were multiple occupants in Roach's vehicle who had exited the vehicle before Morrison approached the scene and arrested Roach. Despite rigorous questioning by counsel, Morrison confirmed that he recognized Roach as the person who fired a shot at him.

After consideration of the testimony, the briefs, and arguments by counsel, I found that the government met its burden of demonstrating by a preponderance of the evidence that Roach was the person who fired the shots. Therefore, I determined that a four-level enhancement for possessing the firearm in connection with another felony offense was appropriate. I overruled Roach's remaining objections and adopted the PSR as my findings of fact and legal conclusions for the advisory guidelines. Roach's guideline range, therefore, was 70-87 months. I sentenced Roach to 70 months imprisonment.

Roach appealed the judgment and sentence to the Eighth Circuit Court of Appeals. On appeal, he argued that 18 U.S.C. § 922(g)(1) violated the Second Amendment of the United States Constitution. The Eighth Circuit rejected

Roach's argument and affirmed my Judgment on May 30, 2012.  4:12CR443 CDP [#72].

**II.   Grounds for Relief**

Roach's §2255 motion alleges the following five ineffective assistance of counsel claims:

1) counsel failed to argue at sentencing that Roach's fingerprints were not on the gun;

2) counsel failed to argue at sentencing that "the police could not get the time right of the crime of the color of my shirt;"

3) counsel failed to argue at sentencing that no gun powder was found on Roach or his car;

4) counsel did not file or sign the writ transferring Roach to federal custody; and

5) counsel failed to call any witnesses on his behalf at sentencing.

**III.   Analysis**

*A.   An Evidentiary Hearing is not Warranted*

I will not hold an evidentiary hearing on this matter.  "A petitioner is entitled to an evidentiary hearing on a section 2255 motion unless the motion and the files and records of the case conclusively show that he is entitled to no relief."  Anjulo-Lopez v. United States, 541 F.3d 814, 817 (8th Cir. 2008) (internal quotation marks omitted).  An evidentiary hearing need not be held if

Roach's "allegations cannot be accepted as true because they are contradicted by the record, inherently incredible or conclusions rather than statements of fact." Delgado v. United States, 162 F.3d 981, 983 (8th Cir. 1998); see also Anjulo-Lopez, 541 F.3d at 817 (no hearing required where claim is "inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based.") (internal quotation marks and citation omitted). Because the records conclusively show that Roach is not entitled to relief as a matter of law, I need not hold a hearing.

B.  *Ineffective Assistance of Counsel Claims*

All of Roach's claims are ineffective assistance of counsel claims. The Sixth Amendment establishes the right of the criminally accused to the effective assistance of counsel. Strickland v. Washington, 466 U.S. 668, 686 (1984). To state a claim for ineffective assistance of counsel, Roach must prove two elements of the claim. First, he "must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment." Id. at 687. In considering whether this showing has been accomplished, "judicial scrutiny of counsel's performance must be highly deferential." Id. at 689. The courts seek to "eliminate the distorting effects of

hindsight" by examining counsel's performance from counsel's perspective at the time of the alleged error. Id. Second, Roach "must show that the deficient performance prejudiced the defense." Id. at 687. This requires him to demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. In the context of guilty pleas, a movant must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985); Matthews v. United States, 114 F.3d 112, 114 (8th Cir. 1997). The court need not address both components if the movant makes an insufficient showing on one of the prongs. Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995).

Most of Roach's claims challenge his attorney's effectiveness at the sentencing hearing. Therefore, I will discuss them together. Roach believes that I would not have imposed the enhancement for possessing the firearm in connection with another felony offense if his attorney had argued during sentencing that his fingerprints were not on the gun. He is wrong. Counsel could not make this argument because no fingerprint testing was performed on the firearm, nor was it necessary, because Roach admitted that he possessed the firearm when he pleaded guilty:

> COURT: So let's go through the facts you do agree to. You do agree it says that on August the 12th of 2010, that there were police patrolling, and they were following a car that you were in, and they saw you get out of the car and stand on the sidewalk. And they started walking up to you, and **it says that then you had a firearm and you threw it on the grass. Is that true?**
>
> ROACH: **Yes, your Honor.**

Roach's statements at the change of plea hearing were made to me under oath, and he cannot contradict his prior sworn statements in this § 2255 motion. "While a guilty plea taken in open court is not invulnerable to collateral attack in a post conviction proceeding, the defendant's representations during the plea-taking carry a strong presumption of verity and pose a formidable barrier to any subsequent collateral proceedings." Nguyen v. United States, 114 F.3d 699, 703 (8th Cir. 1997) (internal quotation marks and citation omitted). Roach admitted he held the gun, and nothing in his current motion or brief can overcome the obstacle of his own sworn admissions. Moreover, Morrison -- whose testimony I credited at the sentencing hearing and continue to believe -- saw Roach point the gun at him and fire, then throw the weapon in the bushes. Roach also admitted to Morrison that the gun was his and that he fired at Morrison under a mistaken belief that Morrison was someone else. When faced with this mountain of uncontraverted evidence, Roach cannot demonstrate that his counsel was

ineffective for failing to make a meritless argument, nor can he demonstrate that he was prejudiced as a result. Therefore, Ground 1 of his ineffective assistance of counsel claim fails.

In Ground 2, Roach complains that his attorney was ineffective for failing to point out that Morrison got the color of his shirt and the time of the incident wrong. This argument is also refuted by the record. Morrison's description of Roach, including his clothing, was consistent and matched Roach's appearance at the time of his arrest. On cross-examination, counsel did point out that many of the vehicle's passengers were also wearing dark clothing, but this questioning could not impeach Morrison's testimony because Morrison recognized and positively identified Roach as the person who shot at him. The same is true of any alleged minor discrepancy between Morrison's recollection of the exact time of the offense. Counsel did not cross-examine Morrison on this point, but such omission did not constitute ineffective assistance because Morrison recognized Roach. Counsel attempted to cast doubt on Morrison's identification by pointing out that it was dark, the cars were eight houses apart, and the incident happened quickly, but I credited Morrison's testimony on these issues and continue to believe that Morrison recognized Roach as the shooter. Counsel made the most of the facts given him, but he faced an uphill battle given Morrison's testimony.

Counsel's performance was not deficient, and Roach can demonstrate no prejudice from any alleged errors. Ground 2 of Roach's § 2255 motion fails.

Ground 3 fails for the same reasons as Ground 1. Roach believes that his attorney should have argued that there was no gun shot residue found on him or his car. However, no gun shot residue test was performed or necessary because Roach admitted to firing the gun and Morrison saw him do it. Under these circumstances, counsel was not ineffective for failing to make a meritless argument, and Roach suffered no prejudice as a result.

Finally, Roach complains that his attorney did not call any witnesses to testify on his behalf at the sentencing hearing. In his § 2255 motion, Roach states that his attorney should have called four people who were in the car at the time of the shooting. However, as the government correctly notes, counsel's decision not to call these witnesses was a wise one, as they all told police that Roach had, in fact, fired the gun. In his reply brief in support of his motion, Roach contends for the first time that he told his attorney about another bystander witness. Roach does not even identify this witness or describe his expected testimony, so Roach falls woefully short of demonstrating that his attorney was deficient for failing to present this testimony at the hearing. Moreover, it is unlikely that this witness would offer any testimony helpful to

Roach since he was allegedly only at the scene of the arrest, not the shooting. Given Morrison's testimony and Roach's own admissions, any alleged failure to present witness testimony at the sentencing hearing was not deficient and did not prejudice Roach. Ground 4 of his § 2255 motion will be denied.

Finally, Ground 5 of Roach's motion will be summarily denied as meritless since defense counsel does not apply for the writ of habeas corpus ad prosequendum or issue it.

### C. *Certificate of Appealability*

As Roach has not made a substantial showing of the denial of a federal constitutional right, this Court will not issue a certificate of appealability. See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997) (citing Flieger v. Delo, 16 F.3d 878, 882-83 (8th Cir. 1994)) (substantial showing must be debatable among reasonable jurists, reasonably subject to a different outcome on appeal, or otherwise deserving of further proceedings).

Accordingly,

**IT IS HEREBY ORDERED** that the motion of Edward Roach to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 [#3] is denied.

**IT IS FURTHER ORDERED** that this Court will not issue a certificate of appealability, as Roach has not made a substantial showing of the denial of a

federal constitutional right.

A separate Judgment in accordance with this Memorandum and Order is entered this same date.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 3rd day of June, 2013.